{¶ 129} I respectfully dissent. I believe that the trial court abused its discretion when it excluded the opinions of the appellants' expert witnesses. Their testimony is based on reliable, scientific or other specialized information. Evid. R. 702(C). Drs. Holland and Bearer used the Bradford-Hill guidelines to reach their opinions that the genotoxic chemicals at issue do cause significant genetic damage in humans as well as test animals, and that Robin Kern's alleged toxic exposure to a mixture of these chemicals at Hobart while pregnant was the cause of James Kerns' chromosomal damage and birth defects. Both Dr. Holland and Dr. Bearer testified about the scientific evidence that the genotoxic chemicals at issue cause genetic abnormalities in humans and that these chemicals more than likely caused James' genetic damage in utero. Dr. Bearer conducted a differential diagnosis ruling out other potential causes. Both doctors relied on peer-reviewed occupational epidemiological studies of workers exposed to the chemical solvents at issue reporting an increase in miscarriages if pregnant women are exposed. Both doctors noted that scientific evidence demonstrates the majority of miscarried fetuses are lost as a result of chromosomal abnormalities. They noted that the injury suffered by James Kerns in utero was a complex chromosomal/genetic damage and that such damage *Page 25 
invariably results in either miscarriage, still birth, or birth defects. The trial court also ignored the testimony of Drs. Holland and Bearer concerning the Rutledge study which explained the application to humans of animal studies on genotoxicity during early prenatal development.
 {¶ 130} The trial court also erred in excluding the expert testimonies of Drs. Soucek and Keil. Dr. Soucek testified he researched records made available to him and determined what chemicals were present in the Hobart plant during Robin Kerns' pregnancy with James. Dr. Keil similarly reviewed documents produced by the defendants and the Regional Air Pollution Control Agency (RAPCA). He offered his opinion that the plant where Robin Kerns worked when she was pregnant with James was under negative air pressure that would contribute to the influx of toxic emissions from other plant operations into Robin Kerns' work location.
 {¶ 131} It is important to remember that in determining whether the opinion of the expert is reliable under Evid. R. 702(C), a trial court examines whether the expert's conclusion is based on scientifically valid principles and methods. Miller, 20 Ohio St.3d 607. The experts who testified for the plaintiff are eminently qualified and they provided ample proof their opinions were based on reliable principles and methodology. I also agree with appellants that there are genuine issues of material fact concerning ITW's successor liability in this lawsuit. I would reverse the trial court's grant of summary judgment to the defendants. *Page 1